NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIN LOFTUS, individually and as Successor-in-Interest to the Estate of David Loftus, | No. 16-15275 |
| | D.C. No. 3:15-cv-01354-JSC |
| Plaintiff-Appellee, | |
| | MEMORANDUM* |
| v. | |
| DANIEL LOFTUS, Interested Party, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding**

Submitted February 15, 2019***

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Daniel Loftus appeals pro se from the district court's order clarifying the

terms of a settlement agreement.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The parties and Daniel Loftus consented to proceed before a magistrate judge.  See 28 U.S.C. § 636(c).

\*\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo the district court's interpretation of a settlement agreement. *City of Emeryville v. Robinson*, 621 F.3d 1251, 1261 (9th Cir. 2010). We affirm.

Daniel Loftus has standing to bring this appeal despite his nonparty status because he participated in the district court proceedings, entered into a settlement agreement resolving the litigation, and the district court entertained his motion for clarification and entered an order adverse to his interests. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002) (a nonparty may appeal when "(1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal" (citation and internal quotation marks omitted)).

The district court correctly concluded that the terms of the settlement agreement resolve the disputed issue of Daniel Loftus's entitlement to any settlement proceeds as a beneficiary of the estate of David Loftus, and that, the parties intended that all settlement proceeds awarded to Erin Loftus be paid to her in her individual capacity. *See* Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible[.]"); *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993) (interpretation of a settlement agreement is governed by principles of

state contract law).

We reject as without merit Daniel Loftus's contention that the district court should have held a hearing or oral argument before ruling on his motion for clarification. *See* Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument or by telephone conference call.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Erin Loftus' motion to supplement the record on appeal (Docket Entry No. 27) is denied.

**AFFIRMED.**